FILED
2014 Aug-18 PM 02:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **PAUL BOYLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **vs.** | ) | |
| | ) | |
| **CITY OF PELL CITY,** | ) | **JURY TRIAL DEMANED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

### JURISDICTION

1.     Jurisdiction of this court is invoked pursuant to Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Section 201, *et seq.*, as amended, and this Court's supplemental jurisdiction under 28 U.S.C. Section 1367.

### PARTIES

2.     Plaintiff Paul Boyle (hereinafter "Boyle") is a resident of the state of Alabama.

3.     Defendant City of Pell City is a municipal corporation in the state of Alabama.

4.     Defendant is engaged in an industry affecting commerce.

5.     Defendant's Street Department is a recipient of state and federal funds.

## FACTS

6.      Boyle began working for Defendant's Street Department in or around March of 2001.

7.      In or around June of 2001, Boyle suffered a severe on-the-job injury that resulted in a disability.

8.      Boyle fell approximately forty (40) feet to the ground while performing repairs to the roof of City Hall.

9.      The injury caused Boyle to fracture several vertebrae and develop the disability of spinal stenosis, chronic nerve pain, and other back-related conditions.

10.     The disability causes unrelieved back pain and back spasms from which Boyle continues to suffer.

11.     Boyle's disability substantially limits one or more major life functions.

12.     At the time of the injury, Boyle was a heavy equipment operator.

13.     Boyle could no longer perform his duties as a heavy equipment operator because of the jostling and strain on his back and limitations imposed by his physician.

14.     Boyle requested an accommodation from Defendant so that he could continue to work.

15.     Mike Martin, Head of the Street Department and Boyle's supervisor, moved Boyle into the more sedentary position of Street Department Foreman in which he ran the department's operations (including, but not limited to, purchasing, receiving, scheduling personnel), performing light maintenance, performing office work, and serving as a liaison to the public.

16.     Boyle was qualified for the foreman position.

17.     Boyle worked in the foreman position with good performance until around September 2012.

18.     Around that time, Boyle's supervisor, Mike Martin, retired.

19.     Defendant replaced Mike Martin with Greg Gossett.

20.     As soon as Gossett took over Martin's position, he ordered Boyle to return to work as a heavy equipment operator.

21.     Boyle advised Gossett that he could not physically perform the heavy equipment operator position.

22.     Gossett advised Boyle that he could either return to heavy equipment, resign, or be terminated.

23.     Boyle attempted to return to the former position without accommodation, but was physically unable to perform the work.

24.     Defendant hired a non-disabled individual into Boyle's foreman

3

position.

25.     Defendant forced Boyle to resign by placing him into a position he could not physically perform due to disability.

26.     Defendant constructively discharged Boyle and forced him to seek medical retirement and social security disability benefits.

## COUNT I – SECTION 504 REHABILITATION ACT
## FAILURE TO ACCOMMODATE

27.     Boyle re-alleges the above facts as if fully set forth herein.

28.     Boyle is a qualified worker with a disability.

29.     Boyle's disability substantially limits one or more major life activities.

30.     Following Boyle's injury in 2001, Boyle requested and received an accommodation.

31.     The accommodation was to work as the Street Department Foreman, a position for which he was qualified and performed with good performance.

32.     The accommodation was not an undue burden on Defendant.

33.     In or around September of 2012, Defendant unlawfully removed Boyle from the position.

34.     Defendant failed to engage in a good-faith interaction with Boyle to identify any other accommodation.

35.     Defendant gave Boyle the ultimatum of either returning to operate

4

heavy equipment (a job Defendant knew Boyle could not perform), resign, or be terminated.

36.    Boyle was forced to resign.

37.    Defendant unlawfully denied Boyle a reasonable accommodation.

WHEREFORE, premises considered, Boyle prays for the following relief:

a.    Compensatory damages, including but not limited to back pay, front pay, supplementation of retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful actions;

b.    Liquidated damages;

c.    Costs and attorneys' fees;

d.    Any other remedy or relief available at law.

## COUNT II – SECTION 504 REHABILITATION ACT ADVERSE EMPLOYMENT ACTION

38.    Boyle re-alleges the above facts as if fully set forth herein.

39.    Boyle is a qualified individual with a disability.

40.    Boyle's disability substantially limits one or more major life activities.

41.    Defendant removed Boyle from a foreman job that he could perform.

42.    Defendant ordered Boyle to perform a heavy equipment operator job that it knew Boyle could not perform.

43.    Defendant gave Boyle an ultimatum: either work the heavy equipment

job, resign, or be terminated.

44.     Boyle was forced to resign.

45.     Defendant forced Boyle to seek medical retirement and social security disability benefits.

46.     Defendant replaced Boyle with a non-disabled employee.

47.     Defendant's acts constitute unlawful constructive discharge in violation of Section 504 of the Rehabilitation Act of 1973, as amended.

WHEREFORE, premises considered, Boyle prays for the following relief:

a.     Compensatory damages, including but not limited to back pay, front pay, supplementation of retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful actions;

b.     Liquidated damages;

c.     Costs and attorneys' fees;

d.     Any other remedy or relief available at law.

## COUNT III – QUANTUM MERUIT

48.     Boyle re-alleges the above facts as if fully set forth herein.

49.     Boyle worked in the foreman position for Defendant's Street Department from at least 2005 until 2012.

50.     The foreman position paid approximately $ 23.00 to $ 24.00 per hour.

6

51.     Rather than paying Boyle the foreman hourly rate, Defendant continued to pay Boyle the heavy equipment operator pay of approximately $ 15.00 per hour.

52.     Defendant received the benefit of Boyle's services in the foreman position, yet did not compensate Boyle for the reasonable value of his services.

WHEREFORE, premises considered, Boyle prays for the following relief:

a.     Compensatory damages, including but not limited to back pay, front pay, supplementation of retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful actions;

b.     Liquidated damages;

c.     Costs and attorneys' fees;

d.     Any other remedy or relief available at law.

## COUNT IV – UNJUST ENRICHMENT

53.     Boyle re-alleges the above facts as if fully set forth herein.

54.     Boyle worked in the foreman position for Defendant's Street Department from at least 2005 until 2012.

55.     The foreman position paid approximately $ 23.00 to $ 24.00 per hour.

56.     Rather than paying Boyle the foreman hourly rate, Defendant continued to pay Boyle the heavy equipment operator pay of approximately $

15.00 per hour.

57.     Defendant was unjustly enriched by receiving the benefit of Boyle's services in the foreman position, without compensating Boyle for the reasonable value of those services.

WHEREFORE, premises considered, Boyle prays for the following relief:

a.     Compensatory damages, including but not limited to back pay, front pay, supplementation of retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful actions;

b.     Liquidated damages;

c.     Costs and attorneys' fees;

d.     Any other remedy or relief available at law.

## COUNT V – FAIR LABOR STANDARDS ACT VIOLATION

58.     Boyle re-alleges the above facts as if fully set forth herein.

59.     Boyle worked in the foreman position for Defendant's Street Department from at least 2005 until 2012.

60.     The foreman position paid approximately $ 23.00 to $ 24.00 per hour.

61.     Rather than paying Boyle the foreman hourly rate, Defendant continued to pay Boyle the heavy equipment operator pay of approximately $ 15.00 per hour.

62.    Boyle   worked   overtime   in   the   foreman   position   between approximately 2005 and 2012.

63.    Defendant  unlawfully  failed  to  compensate  Boyle  for  the  overtime earned during this period.

WHEREFORE, premises considered, Boyle prays for the following relief:

a.    Compensatory damages, including but not limited to back pay, front pay, supplementation of retirement benefits, and all other benefits Plaintiff would have received but for Defendant's unlawful actions;

b.    Liquidated damages;

c.    Costs and attorneys' fees;

d.    Any other remedy or relief available at law.

WHEREFORE, Plaintiff prays for all relief set forth herein, plus any further or other relief this Court deems just and proper.

JURY TRIAL DEMANDED

/s/Sonya C. Edwards
ASB-8848-S73E

EDWARDS LAW, LLC
121 Edenton Street
Birmingham, Alabama 35242
SonyaEdwardsLaw@gmail.com
Phone: (205) 408-0956
Fax: (205) 408-9236

/s/Jeffrey W. Bennitt
ASB-0774-N51J

JEFFREY BENNITT & ASSOCIATES, LLC
121 Edenton Street
Birmingham, Alabama 35242
Bennittlaw@aol.com
Phone: (205) 408-7240
Fax: (205) 408-9236