IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| PAUL BOYLE, | ] |
| Plaintiff, | ] |
| v. | ] |
| | ]  Case No.: 4:14-cv-1603-KOB |
| CITY OF PELL CITY, | ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

On August 18, 2014, Plaintiff Paul Boyle filed suit against Defendant Pell City, asserting the following claims: failure to accommodate (Count I); quantum meruit (Count II); unjust enrichment (Count III); Fair Labor Standards Act ("FLSA") violation (Count IV); disability discrimination (Count V)[1]; and breach of contract (Count VI).  This matter is now before the court on Pell City's "Partial Motion to Dismiss." (Doc. 15).  In that motion, Pell City asserts that Mr. Boyle's quantum meruit, unjust enrichment, FLSA, and breach of contract claims should be dismissed.

As discussed in more detail below, this court will GRANT Pell City's partial motion to dismiss and will DISMISS Mr. Boyle's unjust enrichment, quantum meruit, and breach of contract claims for failure to comply with the notice requirements of Alabama Code Section 11-47-23 and WILL DISMISS Mr. Boyle's FLSA claims as barred by the applicable statute of limitations.

---

[1] In his Second Amended Complaint, Mr. Boyle incorrectly identifies his disability discrimination claims as Count IV.  *See* Doc. 13, at 9.

1

**I. Legal Standard**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). When considering whether a claim is plausible, courts are limited to considering only the pleadings and any exhibits attached to the pleadings. *See Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (*abrogated on other grounds*); *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). If the court determines that well-pleaded facts in the complaint, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *See Iqbal*, 556 U.S. at 678.

**II. Statement of Facts**

In March of 2001, Mr. Boyle was injured will working as a heavy equipment operator for Pell City. Because Mr. Boyle's injuries prevented him from continuing to work as a heavy equipment operator, Pell City transferred Mr. Boyle to a foreman position, which was more sedentary in nature. Following his transfer to the foreman position, Mr. Boyle continued to be

paid at the heavy equipment operator rate of $15 per hour instead of receiving the typical foreman position pay of $23 per hour.  Although Mr. Boyle did not receive the compensation at the rate of a foreman, Mr. Boyle continued to work as a foreman until Pell City transferred him back to the heavy equipment operator position in June of 2012.  On August 18, 2014, Mr. Boyle brought suit against Pell City for failing to pay him $23 per hour for the time he worked as a foreman beginning in 2005 and continuing until June of 2012.

### III.  Discussion

**Mr. Boyle's state law claims**

Mr. Boyle asserts state-law claims against Pell City for breach of contract, quantum meruit, and unjust enrichment.  Under Alabama law, claims against a municipality must be "presented to the clerk for payment within two years from the accrual of said claim or shall be barred." Ala. Code § 11-47-23.  Each of Mr. Boyle's state-law claims stem from the pay Mr. Boyle received while working as a foreman.  As the last date that Mr. Boyle alleges he worked as a foreman but did not receive foreman pay was in June of 2012, the latest date that Mr. Boyle's claims could have accrued was in June of 2012.  Under Section 11-47-23, Mr. Boyle was required to provide notice of his claims to Pell City within two years of that date by June of 2014.  Mr. Boyle, however, did not provide notice to Pell City until he brought suit on August 18, 2014.  Thus, Mr. Boyle failed to provide notice to Pell City within two years as required by Section 11-47-23.

Mr. Boyle argues that although his claims would be barred under Section 11-47-23, his claims are not subject to Section 11-47-23 because his claims are for a preexisting contractual debt.  *See Hood v. City of Birmingham*, 562 So. 2d 164, 165 (Ala. 1990).  In support of this

3

position, Mr. Boyle cites the Alabama Supreme Court's decision in *Hood*, in which the Court held that Section 11-47-23 does not apply to "contractual obligation[s] known to and acknowledged by the city." *Id.* Mr. Boyle's reliance on *Hood*, however, is misplaced.

To demonstrate that his claim falls outside Section 11-47-23, Mr. Boyle's claims must be based upon a preexisting contractual obligation that Pell City acknowledged owing Mr. Boyle. Mr. Boyle, however, failed to allege in his complaint either the existence of a contract giving rising to a preexisting debt or that Pell City acknowledged owing Mr. Boyle the contractual debt. Instead of amending his complaint to remedy these deficiencies, Mr. Boyle alleges *for the first time* in his response to Pell City's partial motion to dismiss both the existence of a contract between himself and Pell City, and that Pell City acknowledge owing him a debt. Mr. Boyle also attached two exhibits to his response in support of these new allegations.

This court, however, may not consider the new allegations contained in Mr. Boyle's response nor the attached exhibits because, absent certain exceptions that are inapplicable here, a court is limited in ruling on a motion to dismiss to considering only "the allegations within the four-corners of the complaint, and any documents attached thereto." *Lawrence v. Goldberg*, No. 06-21952-Civ, 2008 WL 10665425, at 1* (S.D. Fla. 2008) (citing *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 (11th Cir. 2006)).

Mr. Boyle's failure to allege in his complaint either the existence of a contract or that Pell City acknowledged owing him a debt prevents this court from considering those allegations. Because Mr. Boyle fails to allege facts under which his state-law claims would not be subject to the notice provision of Section 11-47-23, his state-law claims are barred and are due to be dismissed.

**Mr. Boyle's FLSA Claim**

Mr. Boyle's FLSA claim is based on Pell City's alleged failure to pay Mr. Boyle for overtime he worked between 2005 and June of 2012. Under the FLSA, actions to recover unpaid overtime compensation must be brought within two years after the cause of action accrued unless the claims are "willful." *See* 29 U.S.C. § 255(a). "Willful" violations of the FLSA are subject to a three-year statute of limitations. *See* 29 U.S.C. § 255(a). A violation of the FLSA is "willful" where the employer knew its conduct violated the statute or acted with reckless disregard as to whether its conduct was prohibited under the statute. *See Reich v. Dept. of Conservation & Natural Res., State of Ala.*, 28 F.3d 1076, 1084 (11th Cir. 1994).

In the present case, Mr. Boyle fails to allege facts in his complaint that would give rise to the inference that Pell City knew it was violating the FLSA or acted with reckless disregard. Mr. Boyle attempts to overcome this deficiency by alleging *in his response* that Pell City acted "willfully" in violating the FLSA. However, as discussed above, this court may only consider the allegations on the "face of the complaint" when deciding whether dismissal is appropriate under Rule 12(b)(6). *See Tello*, 410 F.3d at 1288. Because Mr. Boyle fails to allege in his complaint that Pell City willfully violated the FLSA, Mr. Boyle's FLSA claim is subject to the two-year statute of limitations. As Mr. Boyle failed to bring suit within two years of the date his FLSA claim accrued, his FLSA claim is due to be dismissed

## IV. Conclusion

For the reasons discussed above, this court will GRANT Pell City's partial motion to dismiss and will DISMISS WITHOUT PREJUDICE Mr. Boyle's FLSA claim, breach of contract claim, quantum meruit claim, and unjust enrichment claim.

Done and ordered this 24th day of April, 2015.

                                                        _____
                                                        KARON OWEN BOWDRE
                                                        CHIEF UNITED STATES DISTRICT JUDGE